UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DIANNE SHAFFER, *et al.*,  : Case No. 3:13-cv-232
      :
   Plaintiffs,  : Judge Timothy S. Black
      :
vs.  :
      :
DAVITA SOUTHWEST  :
OHIO DIALYSIS, *et al.*,  :
      :
   Defendants.  :

**DECISION AND ENTRY GRANTING PLAINTIFFS' MOTION TO REMAND
(Doc. 15) AND ORDERING THIS CASE TO BE REMANDED
TO THE COURT OF COMMON PLEAS OF GREENE COUNTY, OHIO**

This civil case is before the Court on Plaintiffs' Motion to Remand. (Doc. 15). Defendants filed an Opposition to Plaintiffs' Motion. (Doc. 26). Plaintiffs filed a Reply Memorandum. (Doc. 27). Plaintiffs' Motion to Remand is now ripe for decision.

**I. BACKGROUND**

Plaintiffs Dianne Shaffer and Michael Amburgy ("Plaintiffs") are Ohio citizens who originally filed this action in the Greene County, Ohio Court of Common Pleas on March 28, 2013 against Defendants DaVita Southwest Ohio Dialysis and DaVita Healthcare Partners (hereinafter collectively "the Healthcare Business Defendants"). The Complaint also named the United States Department of Health and Human Services ("HHS") and unknown John Does as Defendants. The unknown John Doe Defendants were purportedly nurses, technicians, physicians or employees of the Healthcare Business

Defendants.  The Healthcare Business Defendants answered the Complaint (Doc. 6)[1] and the case proceeded in state court until Plaintiffs voluntarily dismissed claims against the John Doe Defendants on or about June 13, 2013.

On July 15, 2013, the Healthcare Business Defendants, with the consent of HHS, filed a Petition for Removal asserting complete diversity among the parties.  In their Petition for Removal, the Healthcare Business Defendants contend that jurisdiction is proper in this Court on the basis of diversity and that complete diversity was first ascertained upon Plaintiffs' dismissal of claims against the John Doe Ohio resident Defendants.  In other words, the Healthcare Business Defendants contend that complete diversity between the parties occurred only upon dismissal of the John Doe Ohio resident Defendants.[2]

Following removal, Plaintiffs filed a Motion to Remand (Doc. 15) and a Motion for Leave to Amend the Complaint.  (Doc. 16).  In the Motion for Leave, Plaintiffs

---

[1] An entity named Renal Treatment Centers – Illinois, Inc. ("Renal"), a Delaware corporation with its principal place of business in Colorado, appeared through counsel in the Healthcare Business Defendants' Answer stating that Plaintiffs improperly identified it as DaVita Healthcare Partners.  The proper identities of the Healthcare Business Defendants remain largely unaddressed by the parties.  The Court will not attempt to sort out this confusion and, for purposes of this Order, simply refers to the healthcare entities as the "Healthcare Business Entities."  The Court will reference Defendant HHS and the John Doe Defendants as such.

[2] Contrary to the view advanced by the Healthcare Business Defendants, the presence of the John Doe Defendants at the outset of this litigation had no impact diversity.  Pursuant to 28 U.S.C. § 1441(b)(1), "[i]n determining whether a civil action is removable on the basis of [diversity] jurisdiction . . ., the citizenship of defendants sued under fictitious names shall be disregarded[.]"  28 U.S.C. § 1441(b)(1); *see also Conn v. Whole Space Indus. Co., Ltd.*, --- F.Supp.2d ---, 2013 WL 622506, *1 n4 (S.D. Ohio Feb. 19, 2013) (stating that "'the citizenship of fictitious names ( i.e., John Does Nos. 1 and 2) shall be disregarded'" in determining the existence of diversity jurisdiction).  Thus, the basis upon which the Healthcare Business Defendants now seek removal appears to have been present from the outset of this litigation, rendering the Petition for Removal untimely pursuant to 28 U.S.C. § 1446.  Nevertheless, Plaintiffs have not requested that the Court remand this case on the procedural basis that removal was untimely.

sought to add Chad Warkentine and Kim White as individual defendants, both of whom are purportedly residents of Ohio who worked for the Healthcare Business Defendants in some capacity. The Healthcare Business Defendants did not oppose Plaintiffs' Motion for Leave to Amend. Accordingly, in the absence of any opposition, the Court granted Plaintiffs' Motion for Leave to Amend and Plaintiffs filed their Amended Complaint on August 25, 2013, naming Warkentine and White as Defendants and alleging that they are residents of Greene County, Ohio. (Doc. 17, PAGEID 255). The Healthcare Business Defendants, Warkentine and White have since answered the Amended Complaint.

## II.  STANDARD OF REVIEW

"Generally, a civil case brought in a state court may be removed by a defendant to federal court if it could have been brought there originally." *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000) (citing 28 U.S.C. § 1441(a) (stating that a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction")). "The removing party bears the burden of demonstrating federal jurisdiction, and all doubts should be resolved against removal." *Harnden v. Jayco, Inc.*, 496 F.3d 579, 582 (6th Cir. 2007) (citing *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006)).

## III.  ANALYSIS

Plaintiffs argue that the addition of Warkentine and White as Defendants destroys complete diversity among the parties and requires a remand pursuant to 28 U.S.C. § 1447(e). Plaintiffs contend that Warkentine and White are Ohio citizens, facts the Healthcare Business Defendants do not contest nor attempt to prove otherwise. Instead,

the Healthcare Business Defendants, while they did not oppose Plaintiffs' Motion for Leave to Amend, now assert that Plaintiffs' Motion to Remand must be denied and Warkentine and White must be dismissed as parties pursuant to § 1447(e) to preserve diversity and this Court's jurisdiction. According to the Healthcare Business Defendants, Plaintiffs joined Warkentine and White for the sole purpose of defeating diversity.

Pursuant to 28 U.S.C. § 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." District courts possess discretion in determining whether to deny joinder under § 1447(e). *Kunkel v. CUNA Mut. Ins. Soc'y*, No. 2:11-CV-492, 2011 WL 4948205, *1 (S.D. Ohio Oct. 18, 2011). In exercising the discretion afforded by § 1447(e):

> courts have considered "the diverse defendant's interest in selecting a federal forum ... together with four other factors: (1) the extent to which the purpose of the amendment is to defeat jurisdiction; (2) whether the plaintiff was dilatory in seeking the amendment; (3) whether the plaintiff will be injured significantly if the amendment is not allowed; and (4) any other factors bearing on the equities."

*Id.*, at *2 (citation omitted).

Once a court grants leave to join a nondiverse party, "complete diversity [is] destroyed, and . . . [a] remand to the state court [is] required at that time." *Curry v. U.S. Bulk Transport, Inc.*, 462 F.3d 536, 541 (6th Cir. 2006) (citing *Casas Office Machines, Inc. v. Mita Copystar America, Inc.*, 42 F.3d 668 (1st Cir. 1994)); *see also In re Darvocet, Darvon and Propoxyphene Products Liab. Litig.*, No. 2:11-md-2226-DCR, 2012 WL 2905474, *3 (E.D. Ky. Jul. 16, 2012) (concluding that, if defendant "believed

4

that the plaintiffs were joining [nondiverse defendants] solely to deprive the Court of diversity jurisdiction, it should have voiced that objection when [plaintiffs] moved for leave to amend[,]" and absent objection by defendant at that time, "§ 1447 leaves the Court no choice but to remand").

Here, the Court granted Plaintiffs' Motion for Leave to Amend the Complaint to add Warkentine and White as nondiverse Defendants because the Healthcare Business Defendants did not oppose Plaintiffs' request for leave.  The arguments now advanced by the Healthcare Business are arguments they should have advanced in opposition to Plaintiffs' Motion for Leave.  As noted above, once the Court granted Plaintiffs leave to join nondiverse parties, and Plaintiffs filed their Amended Complaint, diversity was destroyed and this Court's jurisdiction ceased.  Thus, the Healthcare Business Defendants' failure to advance § 1447(e) arguments in opposition to Plaintiffs' Motion for Leave to Amend results in a waiver of those arguments.

The Healthcare Business Defendants argue that the case of *Landrum v. ITT Technical Inst.*, No. 1:06-CV-2577, 2007 WL 128909 (N.D. Ohio Jan. 12, 2007) stands for the proposition that arguments against the joinder of nondiverse Defendants can be asserted after an amended pleading is filed pursuant to Fed. R. Civ. P. 15(a).  However, *Landrum* is distinguishable from the circumstances presented here because, in that case, plaintiff amended the complaint as a matter of course following removal pursuant to Fed. R. Civ. P. 15(a)(1), *i.e.*, no leave was required before the filing of the amended complaint.  Thus, in *Landrum*, defendants had no opportunity to challenge the joinder of nondiverse parties before the actual filing of the amended pleading.

Here, Plaintiffs were specifically required to seek leave pursuant to Fed. R. Civ. P. 15(a)(2) and the Healthcare Business Defendants had an opportunity to present their objections in response to that Motion.  Contrary to the suggestion of the Healthcare Business Defendants, nothing prevented them from asserting arguments under § 1447(e) in opposition to Plaintiffs' Rule 15(a)(2) Motion for Leave.  In fact, such arguments are routinely made in opposition to Rule 15(a)(2) motions that would result in destroying diversity jurisdiction.  *See Scott Elliot Smith, LPA v. Travelers Cas. Ins. Co. of Am.*, No. 2:12-cv-00065, 2012 WL 1758398, *2 (S.D. Ohio May 16, 2012) (stating that, although Rule 15(a)(2) "provides that leave to amend should be freely granted[,]" where "[p]laintiffs seek amendment to add a non-diverse defendant . . . § 1447 applies"); *Rogers v. Travelers Prop. Cas. Ins. Co.*, No. 1:10-CV-475, 2011 WL 1124406, *1 (N.D. Ohio Mar. 25, 2011) (considering § 1447(e) arguments in determining whether to grant leave add nondiverse parties pursuant to Fed. R. Civ. P. 15(a)(2)); *see also Borwicz v. ALZA Corp.*, No. 1:09-cv-00785, 2009 WL 1797879 (N.D. Ohio Jun. 24, 2009) (considering arguments asserted pursuant to § 1447(e) in opposition to a Fed. R. Civ. P. 15(a)(2) motion for leave to join nondiverse defendants).

Having already granted Plaintiffs' Motion for Leave to Amend as unopposed, and because Plaintiffs have since filed the Amended Complaint adding purportedly nondiverse parties, this Court now lacks jurisdiction over this case absent a showing by Defendants that Warkentine and White are not Ohio citizens.  The Healthcare Business Defendants make no such showing, and, in fact, apparently concede the fact of their Ohio

6

citizenship. Nevertheless, doubts regarding federal jurisdiction must be resolved in favor of remand to state court.[3]

Accordingly, having granted Plaintiffs' Motion for Leave to add nondiverse Defendants, this Court now lacks jurisdiction and this case must be remanded to state court pursuant to 28 U.S.C. § 1447(e).

### IV.  CONCLUSION

Based on the foregoing, Plaintiffs' Motion to Remand (Doc. 15) is **GRANTED**. This case shall be **REMANDED** to the Greene County, Ohio Court of Common Pleas.

**IT IS SO ORDERED**.

Date: September 24, 2013             /s/ Timothy S. Black
                                     Timothy S. Black
                                     United States District Judge

---

[3] The Court rejects Plaintiffs' contention that DaVita Southwest Ohio Dialysis is an Ohio citizen merely because it conducts business in Ohio. Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" The Healthcare Business Defendants evidence the fact that Southwest Ohio Dialysis is merely a fictitious name for Renal, a business incorporated in Delaware and maintaining its principal place of business in Colorado. The mere fact Renal does business in Ohio under the registered fictitious name of Southwest Ohio Dialysis does render Renal or Southwest Ohio Dialysis an Ohio citizen. Even assuming Plaintiffs are permitted to sue a corporate entity by its fictitious name, the mere registration of a fictitious name in Ohio does not change the citizenship of the corporation. *See Adams v. Gambro Healthcare, Inc.*, No. 2:06-cv-00354, 2006 WL 2850496, *2 (S.D. Ohio Oct. 2, 2006).